## Fike License

*Robert B. Stauft*, for appellant.

*Joseph W. Ray, Jr.*, for Commonwealth.

CARR, P. J., January 31, 1951.—Eugene E. Fike has appealed to us from an order of the Secretary of Revenue suspending his motor vehicle operator's license for driving at a rate of speed in excess of the legal limit. He does not deny the violation, but contends that under the circumstances the suspension is not merited.

### Findings of Fact

1. On June 8, 1950, between 4 and 5 p.m. (Eastern Daylight Saving Time), while traveling east upon

574

U. S. route no. 22 in East Hanover Township, Dauphin County, Pa., petitioner, a resident of Uniontown in this county, on his way to Princeton, N. J., to attend a reunion of his class at the university, drove his 1950 Buick sedan for more than one fourth of a mile at a speed in excess of 50 miles an hour, the legal limit for that highway. He was stopped by a member of the State police, who allowed him to proceed, but on the same day made an information against him before Raymond Shenk, Esq., a justice of the peace for East Hanover Township, upon notification of which he paid a fine of $10 and costs rather than return for a hearing. Subsequently the Secretary of Revenue, after a departmental hearing, suspended his license for a period of 90 days.

2. The highway upon which the violation occurred was 40 feet wide and consisted of four lanes of concrete divided by an island in the center into two lanes for eastbound and two for westbound traffic. "Thru Traffic Stop" signs had been erected on all intersecting highways.

3. The weather at the time was clear and dry, and there was little other traffic on the highway.

4. Petitioner did not drive carelessly or recklessly or so as to endanger the life, limb, or property of any person, but had his car at all times under control. There were no aggravating circumstances.

5. Petitioner is 44 years of age and a capable driver of 28 years' experience. He is engaged in the general insurance business at Uniontown and Confluence, in the conduct of which he drives approximately 25,000 miles a year. He is also county coördinator and chief of survey of the Pennsylvania State Disaster System, and vice chairman of the disaster committee of the county chapter of the American Red Cross, and in those activities in behalf of the public requires the use

of a motor vehicle. His operator's license has never before been suspended or restricted.

6. Under the evidence the suspension of petitioner's operator's license is not merited.

7. Petitioner is not subject to suspension of his operator's license.

### Conclusions of Law

1. The order of the Secretary of Revenue suspending petitioner's operator's license should be reversed and the license reinstated.

2. Petitioner should pay the costs.

### Order

And now, January 31, 1951, after hearing and consideration, the order of the Secretary of Revenue suspending petitioner's motor vehicle operator's license is hereby reversed, and it is directed that his license be reinstated, petitioner to pay the costs.